(No. 2636— )

FRANK RUSSO, ADMINISTRATOR OF THE ESTATE OF CARMEN F. RUSSO, DECEASED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 9, 1936.*

ROLAND V. LIBONATI, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

This is a companion case to the case under the same title filed herein as No. 2635; the latter case being filed as an action in assumpsit, and the complaint in this case being apparently drawn with the desire that it might be considered as an action based upon rights under the common-law or under the provisions of the Workmen's Compensation Act, although no reference is made to the latter Act by word or title. The facts set up are the same as in case No. 2635.

The Attorney General has filed a motion to dismiss this action, for the reason that if considered as an action at common-law, the claim is predicated upon the purported negligence of the agents and servants of respondent in not providing proper working conditions where deceased was employed, and that if such complaint is considered as based upon the Workmen's Compensation Act said complaint is not sufficient for the reason that there is no allegation that any claim for compensation was made within six months after the claim accrued as required by Section 24 of the Workmen's Compensation Act.

This court has repeatedly held:

"That the State is not liable for damages caused by the negligence, misfeasance, or non-feasance of its servants, agents or officers, unless there is a statute expressly making it so liable."

*Braun* vs. *State*, 6 C. C. R. 104.

*Walen* vs. *State*, 8 C. C. R. 501.

*Section 24 of the Workmen's Compensation Act* reads as follows:

"No proceedings for compensation under this Act shall be maintained unless claim for compensation has been made within six months after the accident."

The objections are properly raised by the Attorney General and the motion to dismiss the complaint is allowed and the cause dismissed.